*MONTILLET* vs. *BANK OF U. STATES.*

APPEAL from the court of the first district.

MONTILLET
*vs.*
BANK U. S.

MARTIN J. delivered the opinion of the court. The plaintiff stated that he deposited in the office of the defendants a promissory note for collection, in order that if not paid at maturity, it might be protested and due notice given to the endorsers, according to the laws, usages and customs of banks and merchants, which the defendants promised to do, faithfully and diligently, for a valuab'e consideration to them paid by the plaintiff, yet the defendants did not faithfully perform their said duties, but did so carelessly, negligently and illegally perform it, that A. L. Duncan, one of the endorsers, was exonerated from all liability.

He who undertakes, tho' gratuitously, the business of another, is bound to indemnify the latter from the conseqnence of his neglect.

A bank is responsible for the acts of the notary it employs.

The general issue was pleaded; there was judgment for the defendants, and the plaintiff appealed.

The plaintiff introduced in evidence, in the court *a quâ*, the record of the suit in which Duncan was discharged and the proceedings against the creditors of the maker, payee and anterior endorsers to establish their insolvencies.

The cashier of the branch bank of the Uni-

ted States at New Orleans deposed that there is a notary public, employed by the branch, to protest upaid notes—that after the protest, he returns the note and protest, with his charge of two dollars, which are immediately charged to the owner of the note and paid to the notary. Before the first of December last, this notary was not required to give security. The bank charges no commission for collecting notes—nor does it receive any part of the two dollars charged.

It was admitted that the note, mentioned in the petition, was deposited in the branch for collection—and that on the 26th of December 1820, Pedesclaux was the notary employed by the bank to protest notes.

The clerk of the supreme court was introduced to establish the amount of the fees paid by the plaintiff, on the appeal, in his suit against Duncan—those of the district court were admitted.

The defendants introduced three witness, Robel, Kerr and Michoud, to prove that the note had been fraudulently obtained from the payee—and that partial payments were made on it.

The record of the suit against Duncan, shows

that he was exonerated, because the notice of the protest was given by the notary, to a person believed to be his agent. but who did not appear to be a proper person to whom such notice might be given.

The district judge considered the defendants as gratuitous agents, and as such liable for gross negligence only.

( Banks hold themselves out as the agents of owners of notes or negotiable paper ; they find their interest in acting as such. But even, if they derived no advantage from it, they would be bound to act correctly in the performance of the assumed duty. No one is bound to attend to the concerns of another, even when a compensation for the trouble attends it, yet he who undertakes it, even gratuitously, is bound to indemnify the person whose business is undertaken from the consequences of the agent's negligence. )

In the case of *Crawford* vs *the Louisiana state bank*, determined in this court a few days ago, the principal, indeed the only important question in the present, was examined, and we held that the holder of a bill, lodged for collection, is bound to use the same diligence to give notice of non-acceptance, as an endorser.

See the authorities there cited and reasons given.

It cannot avail the defendants that the plaintiff neglected suing anterior endorsers. — It suffices that by the defendants' neglect he lost a recourse against Duncan—nor that the note may originally have been obtained by fraud, while it is not urged that the plaintiff participated therein.

(The bank are responsible for the conduct of the persons they employ. The notary, in undertaking to give notice, did so as a private individual. It is no part of his official duties.)

It is therefore, ordered, adjudged and decreed that the judgment of the district court be annulled, avoided and reversed, and that the plaintiff recover the balance of the note, viz: the sum of eight hundred sixty dollars, with interest from the inception of the suit and costs in both courts.

*Morse* for the plaintiff, *Smith & Conrad* for the defendants.